UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CHARLES WAYNE DAWSON,

      Petitioner,                                     Civil No. 2:14-CV-11036
                                                       HONORABLE LAWRENCE P. ZATKOFF
v.                                                          UNITED STATES DISTRICT JUDGE

LLOYD RAPELJE,

      Respondent,
_____/

**OPINION AND ORDER SUMMARILY DISMISSING THE PETITION FOR WRIT OF HABEAS CORPUS AND DECLINING TO ISSUE A CERTIFICATE OFAPPEALABILITY AND LEAVE TO APPEAL IN FORMA PAUPERIS**

Charles Wayne Dawson, ("Petitioner"), confined at the Saginaw Correctional Facility in Freeland, Michigan, filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. In his *pro se* application, petitioner challenges his conviction for armed robbery, M.C.L.A. 750.529; and felony-firearm, M.C.L.A. 750.227b. Having reviewed the petition, the Court will dismiss the petition without prejudice.

**I. Background**

Petitioner pleaded guilty to the above offenses in the Macomb County Circuit Court. Petitioner's conviction was affirmed on appeal. *People v. Dawson,* No. 314092 (Mich.Ct.App. February 5, 2013); *lv. den.* 494 Mich. 858, 830 N.W.2d 761 (2013).

Petitioner seeks a writ of habeas corpus on the following grounds:

I. Whether the trial court abused its discretion and clearly erred in entering a plea for [felony] firearm based upon defendant's use of a toy gun.

II. Whether the trial court abused its discretion and clearly erred in assessing 15 points under Offense Variable 1 and 5 points under Offense Variable 2 for defendant's use of a toy gun.

III. See Mi Sct Application for Leave to Appeal Issue I. [1]

IV. Defendant was denied the effective assistance of appellate counsel-see attached Mi Sct application Issue II.

## II. Discussion

The instant petition is subject to dismissal because it contains at least one, and possibly two, claims which have not been exhausted with the state courts.

As a general rule, a state prisoner seeking federal habeas relief must first exhaust his available state court remedies before raising a claim in federal court. 28 U.S.C. § 2254(b) and (c). *See Picard v. Connor*, 404 U. S. 270, 275-78 (1971). Although exhaustion is not a jurisdictional matter, "it is a threshold question that must be resolved" before a federal court can reach the merits of any claim contained in a habeas petition. *See Wagner v. Smith*, 581 F. 3d 410, 415 (6th Cir. 2009). Therefore, each claim must be reviewed by a federal court for exhaustion before any claim may be reviewed on the merits by a federal court. *Id.* Federal district courts must dismiss mixed habeas petitions which contain both exhausted and unexhausted claims. *See Pliler v. Ford*, 542 U.S. 225, 230 (2004); *See also Nasr v. Stegall*, 978 F. Supp. 714, 716 (E.D. Mich. 1997). The failure to exhaust state court remedies may be raised *sua sponte* by a federal court. *See Benoit v. Bock*, 237 F. Supp. 2d 804, 806 (E.D. Mich. 2003); 28 U.S.C. § 2254(b)(3).

A habeas petitioner has the burden of proving that he exhausted his state court remedies. *See Sitto v. Bock*, 207 F. Supp. 2d 668, 675 (E.D. Mich. 2002). Petitioner, by his own admission, raised his third and fourth claims for the first time before the Michigan Supreme Court after the Michigan Court of Appeals rejected his appeal. Petitioner does not specify the nature of his third claim. It is

---

[1] Petitioner does not clarify the nature of his third claim.

unclear whether petitioner is even raising the third claim as a substantive claim for relief. Petitioner's fourth claim of ineffective assistance of appellate counsel, however, is subject to the exhaustion requirement. *See Baldwin v. Reese*, 541 U.S. 27, 30-33 (2004).

Petitioner's ineffective assistance of appellate counsel claim is unexhausted because it was not presented to the Michigan Court of Appeals on direct appeal. To the extent that petitioner is raising a substantive claim for relief in his third claim, it is also unexhausted for the same reason.

Raising a claim for the first time before the state courts on discretionary review does not amount to a "fair presentation" of the claim to the state courts for exhaustion purposes. *See Castille v. Peoples*, 489 U.S. 346, 351 (1989). Because petitioner failed to present his third and fourth claims on his direct appeal with the Michigan Court of Appeals, his subsequent presentation of these claims to the Michigan Supreme Court does not satisfy the exhaustion requirement for habeas purposes. *See Skinner v. McLemore*, 425 Fed. Appx. 491, 494 (6th Cir. 2011); *Farley v. Lafler*, 193 Fed. Appx. 543, 549 (6th Cir. 2006).

This Court concludes that at least one, and perhaps two, of petitioner's claims have not been exhausted, because they were not fairly presented with the state courts. A habeas petitioner may not present a "mixed" petition containing both exhausted and unexhausted claims to a federal court. *Rockwell v. Yukins*, 217 F. 3d 421, 423 (6th Cir. 2000). Although this requirement is not jurisdictional, a petition that includes unexhausted claims will ordinarily not be considered by a federal court absent exceptional or unusual circumstances. *Rockwell*, 217 F. 3d at 423. Moreover, with the Antiterrorism and Effective Death Penalty Act (AEDPA), Congress made it clear that the only circumstance in which mixed petitions may be considered by a district court is where the court determines that the petition must be dismissed in its entirety. *Id.* at 424.

Petitioner has an available state court remedy with which to exhaust his claims. Exhausting state court remedies in this case requires the filing of a post-conviction motion for relief from judgment under Michigan Court Rule 6.500, *et. seq. See Wagner v. Smith*, 581 F. 3d at 419.

Although a district court has the discretion to stay a mixed habeas petition containing both exhausted and unexhausted claims to allow the petitioner to present his unexhausted claims to the state court in the first instance, *see Rhines v. Weber*, 544 U.S. 269 (2005), there are no exceptional or unusual circumstances present which would justify holding the instant petition for writ of habeas corpus in abeyance pending petitioner's return to the state courts to exhaust his claims, rather than dismissing it without prejudice. The Michigan Supreme Court denied petitioner's application for leave to appeal on May 28, 2013. However, the one-year statute of limitations under 28 U.S.C. § 2244(d)(1) for filing habeas petitions did not begin to run on that day. Where a state prisoner has sought direct review of his conviction in the state's highest court but does not file a petition for certiorari with the United States Supreme Court, the one year limitation period for seeking habeas review under 28 U.S.C. § 2244(d)(1) begins to run not on the date that the state court entered judgment against the prisoner, but on the date that the 90-day time period for seeking certiorari with the Supreme Court expired. *See Jimenez v. Quarterman*, 555 U.S. 113, 119 (2009). Because petitioner did not seek a writ of certiorari with the Supreme Court, petitioner's judgment became final, for the purpose of commencing the running of the one year limitations period, on August 26, 2013. *See Grayson v. Grayson*, 185 F. Supp. 2d 747, 750 (E.D. Mich. 2002).

Petitioner filed the instant petition with this Court on March 6, 2014, after only a little more

4

than six months had elapsed on the one-year statute of limitations. [2] 28 U.S.C. § 2244(d)(2) expressly provides that the AEDPA's one year statute of limitations is tolled during the pendency of any state post-conviction motion filed by petitioner. Because petitioner has almost six months remaining under the limitations period, and the unexpired portion of that period would be tolled during the pendency of petitioner's state post-conviction proceedings, petitioner would not be prejudiced if his habeas petition was dismissed without prejudice during the pendency of his motion for post-conviction relief. Thus, a stay of the proceedings is not necessary to preserve the federal forum for petitioner's claims. *See Schroeder v. Renico*, 156 F. Supp. 2d 838, 845–46 (E.D. Mich. 2001).

The Court will dismiss the petition for writ of habeas corpus without prejudice. The Court will also deny a certificate of appealability. In order to obtain a certificate of appealability, a prisoner must make a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). To demonstrate this denial, the applicant is required to show that reasonable jurists could debate whether, or agree that, the petition should have been resolved in a different manner, or that the issues presented were adequate to deserve encouragement to proceed further. *Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000). When a district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claims, a certificate of appealability should issue, and an appeal of the district court's order may be taken, if the petitioner shows that jurists of reason would find it debatable whether the petitioner states a valid claim of the denial of a constitutional right, and that jurists of reason would find it debatable whether

---

[2] Under the prison mailbox rule, this Court will assume that petitioner actually filed his habeas petition on March 6, 2014, the date that it was signed and dated. *See Fugate v. Booker*, 321 F. Supp. 2d 857, 859, n. 2 (E.D. Mich. 2004).

the district court was correct in its procedural ruling. *Id.* "The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rules Governing § 2254 Cases, Rule 11(a), 28 U.S.C. foll. § 2254; *See also Strayhorn v. Booker*, 718 F. Supp. 2d 846, 875 (E.D. Mich. 2010).

The Court declines to issue a certificate of appealability, because "jurists of reason" would not find it debatable whether this Court was correct in its procedural ruling that petitioner had failed to exhaust an available state court remedy with respect to these claims. *See Colbert v. Tambi*, 513 F. Supp. 2d 927, 939 (S.D. Ohio 2007). The Court also denies petitioner leave to appeal *in forma pauperis,* because the appeal would be frivolous. *See Myers v. Straub*, 159 F. Supp. 2d 621, 629 (E.D. Mich. 2001).

### III. ORDER

Accordingly, the Petition for Writ of Habeas Corpus is **DISMISSED WITHOUT PREJUDICE.**

The Court further **DENIES** a certificate of appealability and leave to appeal *in forma pauperis*.

S/Lawrence P. Zatkoff
**HON. LAWRENCE P. ZATKOFF**
**Dated: March 14, 2014**      **UNITED STATES DISTRICT JUDGE**